## UNITED STATES POSTAL SERVICE
### EQUAL EMPLOYMENT OPPORTUNITY
### IN THE MATTER OF:

                CASE NO.:     1B 010-0021-01
                FILED DATE:  April 21, 2001

MARLENE T. TRAHAN, )
   Complainant, )
    )
v. ) **AFFIDAVIT OF COMPLAINANT**
    )
WILLIAM J. HENDERSON, )
POSTMASTER GENERAL, )
   Respondent. )

My name is Marlene Trahan, my residence is 20 Dutton, Indian Orchard, Massachusetts, I am an employee for the United States Postal Service and state the following under pains and penalties of perjury:

1. I filed a Complaint of discrimination against the United States Postal Service (hereinafter "USPS") on or about April 21, 2001;

2. On or about February 13, 1997, I witnessed a hostile work environment directed from Supervisor, Ms. Linda Nawracaj (hereinafter "Supervisor"), to Casual mail handler, Ms. Darlene Hodges;

3. On or about February 13, 1997, upon witnessing the hostile work environment instigated and ongoing from Supervisor to Causal Hodges, and then from Supervisor to Mr. Mike Aiello, I was exposed, embarrassed and I didn't want to witness to this very frightening and uncomfortable situation;

4. On or about February 14, 1997, Supervisor's telephoned me at home and inquired from me as to what exactly I had seen and what I was going to put into my witness statement regarding the February 13, 1997 incident aforementioned in paragraph #3 (*hereinafter my February 13, 1997 hostile work environment exposure - "Incident"*)

5. On or about February 14, 1997, I received a telephone call from Mr. Ruben Bush (hereinafter MDO) at my home and MDO asked if I had actually witness Supervisor assault Ms. Causal Hodges and asked me if I would provide a witness statement. I responded that I was extremely upset and I was trying to isolate myself from the Incident;

6. On or about February 14, 1997, I informed Supervisor I was much too upset to speak with her and that I have been in bed all day trying to recover from the emotional upset from the incident and I also informed her that I didn't think it was a good idea for her to contactm e at home;

7. On or about February 14, 1997, I told Supervisor that the Incident was the worst thing that I ever experienced during my entire postal career, and that I have never been so emotionally distraught in a work environment before the Incident;

8. On or about after February 13, 1997, I was vomiting and crying as a result of my exposure to the Incident;



9. On or about February 22, 1997, Supervisor approached me in the general clerks office and told me that she wanted to speak with me regarding the Incident, but I wanted to leave to go home for the weekend, but Supervisor kept pressuring me to answer her questions, and I told her that I didn't think we should talk about it and requesting from her several times to stop harassing me, I finally left for home after she bombarded me with questions;

10. On or about February 22, 1997, as a result of Supervisor pressuring and harassing me at work I felt guilty, confused, harassed and bewildered and I could not believe the postal service had allowed Supervisor to return to work without the Incident being resolved;

11. On or about February 23, 1997 (Sunday), I telephoned from home the United States Postal Service's Employee Assistance Program (hereinafter "EAP") and spoke with a counselor for approximately 60-70 minutes regarding the Incident and counselor advised that I immediately contact my doctor;

12. On or about February 23, 1997, after I spoke with the EAP counselor, I spoke with my doctor who opined that I begin taking a medication to cope with the emotional distress as a result of the Incident;

13. On or about February 24, 1997, I met and consulted with the local EAP, Ms. Susan Boyle -Glidden for approximately 2 hours describing the Incident and its impact on my well being. The local EAP told me that Supervisor's screaming and swearing were not the actions of a rational person and that the Supervisor should take responsibility for her own actions;

14. As a result of the Incident, I continued to faithfully work and treat with my doctor;

15. As a result of the Incident, I felt guilty because I was the objective party that witnessed a hostile a work environment, but still believed I was the target of gossip, rumors, animosity from other employee's regarding my witness statement. I was simply doing my job and I told the truth regarding the Incident;

16. As a result of the Incident, there has been an ongoing pattern of discrimination against me regarding my witness statement resulting in a very hostile and unhealthy work environment. Without specify each discriminatory act on a number of grounds, and without waiving my right to raise these discriminatory acts in future, I state the following:

    a. On or about April 24, 1998, three African Violet plants on my desk were poisoned;
    b. On May 14, 1998, I spoke with Mr. Don McNee, acting EEO counselor and stated that I was upset because my plants were poisoned and the harassment against me had escalated, in my opinion, so that Supervisor could return, and in effect force me to bid another job, in another area and another shift;
    c. On May 18, 1998, I telephoned and reported to the Springfield Postal Inspector's office the poisoning of my personal property and the fear of my personal safety. To date I have not received any response;
    d. On or about May 20, 1998, I suffered a painful attack at home and believed I was poisoned from somebody at work, perhaps the day before. I went to Baystate Medical Center's Emergency Room;
    e. On May 22, 1998, there was vandalism to my plants at home, and it was the first incident of such vandalism;
    f. On May 25, 1998, I contacted Mr. Richard Dewey, acting MDO and told him that I was fearful of returning to work because of the Incident;
    g. As a result of the Incident, I have missed work due the hostile work environment as result and due to the employer's failure to acknowledge, and to provide me a safe, healthy work environment;

INVESTIGATIVE AFFIDAVIT A-3

/0

    h.    My ethical officer, Mr. Brian Sheehan, telephone me at home on or about November, 19 screaming and hollering asking "who ought I was to question the ethics of management" and shouted and tried to intimidated me. As a result, I had a migraine headache and was unable to work that day;

    i.    I have recently requested from my employer to provide me a safe and healthy work environment since the Incident, which includes telephone calls, letters and personal visits to supervisors, Congressmen, Senators, President of the United States, Inspector General, Postmaster General and my United States Postal ethical conduct officer, which all have fallen on deaf ears;

17.    As a result of the Incident, and the culmination of the on going hostile work environment, I sought additional medical treatment with several counselors and therapist;

18.    To the best of my understanding and mental capacity, I was unaware of the ongoing hostile work environment pattern that I was being subjected too until recently.

19.    Presently, I am still under medical treatment for my mental disability resulting from the on going hostile work environment created by the above named upper management and others, to be named during discovery and/or called as witnesses.

**SIGNED AND SWORN TO UNDER THE PAINS AND PENALTIES OF PERJURY THIS 20th DAY OF NOVEMBER 2001.**

                                          Marlene T. Trahan


INVESTIGATIVE AFFIDAVIT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

CIVIL ACTION NO. 04CV30183-MAP

MARLENE T. TRAHAN, )
    Plaintiff )
     )
v. )
     )
JOHN E. POTTER, Postmaster )
General, United States Postal )
Service, )
    Defendant )

**ANSWERS OF THE PLAINTIFF TO INTERROGATORIES
PROPOUNDED BY THE DEFENDANT**

1. Describe all acts that are the subject of your complaint, including the date, the nature of the act and an identification of all witnesses to the act.

    ANSWER: Objection. The Plaintiff objects to this interrogatory on the grounds that it requires Plaintiff to draw conclusions of law and as such is beyond the scope of Fed.R.Civ.P.26. Notwithstanding, and without waiving these objections and specifically reserving them as they may apply to other material, see timeline (attached as Exhibit "A" hereto) and the transcript of Plaintiff's deposition (provided Defendant as part of Plaintiff's responses to Defendant's requests for production of documents) taken on April 30, 2004. Plaintiff reserves her right to supplement this response.

2. Describe the loss of income alleged in paragraph 8, and include the basis for your calculation of loss of income.

    ANSWER: Please refer to Plaintiff's Federal Worker's Compensation file and Injury Compensation file provided Plaintiff as part of Defendant's responses to Plaintiff's requests for production of documents. Plaintiff reserves her right to supplement this response.

3. Describe the severe emotional distress alleged in paragraph 8 and list by name, address and dates of treatment, all treatment, if any, you have received for said emotional distress.

Page 1 of 4

emotional distress.
ANSWER:   Please refer to Plaintiff's response to interrogatory No. 1. Plaintiff reserves her right to supplement this response.

4. List by name, address and dates of treatment, all mental health care practitioners who have treated and/or examined you since 1990.

ANSWER:   Objection. The Plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, that it seeks information which is not relevant to the subject matter involved in the pending action, seeks information which is not reasonably calculated to lead to the discovery of admissible or relevant evidence, and is otherwise beyond the scope of Fed.R.Civ.P.26. Notwithstanding, and without waiving these objections and specifically reserving them as they may apply to other material Plaintiff states the following:

> Kenneth Jaffe, M.D.
> 575 Beech Street
> Holyoke, MA 01040
>
> Holyoke Hospital, Inc.
> The Center for Behavioral Health
> 575 Beech Street
> Holyoke, MA 01040
>
> Ralph A. Williams, M.D. (deceased)
> 299 Carew Street          734-0857 (disconnected)
> Springfield, MA 01104
>
> Creative Counseling Associates
> Elizabeth A. Shepardson, M.Ed, LMF, BCETS
> 143 Shaker Road
> East Longmeadow, MA 01028
>
> Morris Pardo, M.D.
> 299 Carew Street
> Springfield, MA 01104
>
> Luz Martin, M.D.
> 299 Carew Street
> Springfield, MA 01104
>
> Jay Ungar, M.D.
> JGS Family Medical Center
> 770 Converse Street

Plaintiff reserves her right to supplement this response.

5. List by name, address and dates of treatment, all health practitioners who have treated and/or examined you since 1990.

   ANSWER: Objection. The Plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, that it seeks information which is not relevant to the subject matter involved in the pending action, seeks information which is not reasonably calculated to lead to the discovery of admissible or relevant evidence, and is otherwise beyond the scope of Fed.R.Civ.P.26. Notwithstanding, and without waiving these objections and specifically reserving them as they may apply to other material Plaintiff states the following:

   Valley Woman's Health Group, LLC
   Handi Haddad, M.D. (Gynecologist)
   42 Ridgewood Terrace
   Springfield, MA 01105

   R.H. Brody, M.D.
   Medical Unit - U.S. Postal Service
   190 Fiberloid Street
   Springfield, MA 10152

   Baystate Medical Center (emergency room)
   759 Chestnut Street
   Springfield, MA 01199

   See also Plaintiff's response to interrogatory No. 4. Plaintiff reserves her right to supplement this response.

6. Identify all expert witnesses in accordance with Fed.R.Civ.P.26.

   ANSWER: The Plaintiff has not yet chosen which expert witness she will call at the time of trial; however, Plaintiff is well aware of her continuing obligation to supplement this answer if and when said information becomes available.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY, THIS 5th DAY OF August, 2005.

_Marlene T. Trahan_
Marlene T. Trahan

As to the Objections:

_____
Michael D. Facchini, Esq.
Facchini & Facchini, P.C.
824 Liberty Street
P.O. Box 4052
Springfield, MA 01101-4052
Telephone: (413) 746-3369
Telecopier: (413) 733-1662

## CERTIFICATE OF SERVICE

I, Michael D. Facchini, hereby certify that on __8/8__, 2005, I made service of the above answers to interrogatories by mailing a copy of same, postage prepaid to attorneys of record:

Karen L. Goodwin, Esq.
Assistant U.S. Attorney
1550 Main Street
Springfield, MA 01103

_____
Michael D. Facchini, Esq.