to judgment as a matter of law.

The moving party bears the burden of meeting this high standard.
See Celotex Corp. v. Catrett, 477 U.S. 317, 322-323 (1986).

In ascertaining whether or not the moving party has met this
high burden, the Court is required to view the evidence and all
factual inferences based on the evidence in a manner most
favorable to the non-moving party.  See Santoni v. Potter, 369
F.3d 594, 598 (1st Cir. 2004).  If the moving party meets this
threshold, it then must demonstrate an absence of evidence to
support the non-moving party's case.  See Celotex, 477 U.S. at
325. In order to survive a summary judgment motion, the non-
moving party must then show that sufficient evidence to generate
a trial-worthy issue exists.  See In re Spigel, 260 F.3d 27, 31
(1st Cir. 2001).  Such evidence and contested facts that the
nonmoving party produces may not be "merely colorable," but must
be "significantly probative" in order to defeat summary
judgment."  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242,
249, 250 (1986).  Summary Judgment is not appropriate if the
evidence is such that a reasonable jury could return a verdict
for the non-moving party.  See id at 248.  Since there are
significantly probative discords of material fact and the
evidence demonstrates that the Defendant is not entitled to

judgment as a matter of law, this Court should hold that summary judgment is not appropriate in this matter.

## II. THE PLAINTIFF CAN DEMONSTRATE THAT SHE WAS A MEMBER OF A PROTECTED CLASS AND THUS A VICTIM OF DISCRIMINATION

To support a claim for a hostile work environment, a plaintiff must show, among other things that "(1) she is a member of a protected class; (2) she was subject to harassment; and (3) the offending conduct was because of her (membership in a protected class). See Rivera v. P.R. Aqueduct & Sewers Auth., 331 F.3d 189, 189(1st Cir. 2003). As with most cases of discrimination, it is often crucial to read between the lines of each factual scenario; there is rarely a "smoking gun," as it were. Persuasive case law illustrates that short of absolute, black and white proof of discrimination, a non-moving party may defeat summary judgment if they are able to establish "a convincing mosaic of circumstantial evidence" from which a jury could infer that a plaintiff was the victim of discrimination. See Emory v. Astrazenca Pharmac., 401 F. 3d 174 (3rd Cir. 2005). When the totality of the circumstances of this case are examined, a reasonable jury will be able to infer that the Plaintiff's ordeal meets the requirements set out in Rivera. Therefore, summary judgment is untimely at this juncture.

To sustain claimed membership in a protected class for the purpose of asserting a claim of discrimination, a plaintiff must demonstrate that his or her impairment *substantially* limits major life activities and there is a record of this impairment.  See Toyota Motor Mfg., Ky., Inc. v. Williams, 534 U.S. 184, 193 (2002) (citing 42 U.S.C. § 12102[2])(emphasis added).

Though "'substantially' in the phrase 'substantially limits' suggests (a) 'considerable' or 'to a large degree,'" Toyota Motor, 534 U.S. at 197, The Supreme Court has made clear that the disability standard "addresses *substantial limitations* on major life activities, not *utter inabilities*."  See Bragdon v. Abbot, 524 U.S. 624, 641 (1998) (emphasis added); See also Fiscus v. Wal-Mart Stores, Inc., 385 F.3d 378 (3rd Cir. 2004)(*read* the Supreme Court to hold that a substantial limitation of a major life activity does not mean impossibility or even great physical difficulty; rather, "substantial limitation is weighed in a broad, practical sense.")

A Plaintiff who otherwise can perform the functions of a job (with or without reasonable accommodations) can still show substantial limitation to major life activities by demonstrating social isolation that is the result of "any of a number of severe conditions, including acute or profound cases of autism, agoraphobia (or) *depression*."  See Jacques v. DiMarzo, Inc., 386

Page 11 of  16

F.3d 192, 203, 204 (2nd Cir. 2004)(emphasis added). A plaintiff can prove that a limitation is substantial by offering personal testimony about his (or her) own experiences. See Haynes v. Williams, 392 F.3d 478, 482 (D.C. Cir. 2004) citing Toyota Motor, 534 U.S. at 198.

The Plaintiff has been afflicted with depression for nearly one quarter of a century. Ex. E.  The events of February 1997 exacerbated the Plaintiff's condition.  The Plaintiff asserts that because of her reluctance to discuss Supervisor Nawrajac's wildly inappropriate behavior and her reaction, she was singled out for a pattern of hostility which included the willful poisoning of her African Violets. Ex. D.  This in turn caused the Plaintiff substantial harm to her major life activities.  The Plaintiff has suffered extreme difficulty sleeping, driving, and communicating with others, including her husband.  Ex. C and D. the Plaintiff's depression not only affects these major life activities, but permeates throughout all aspects of her life. Since the Plaintiff can demonstrate that her depression substantially limits her major life experiences, she is a member of a protected class.  See Id., at 193.  Her membership in this protected class caused her to incur the ire of Supervisor Nawrajac and triggered the pattern of hostility that culminated with the poisoning of the Plaintiff's African Violets. Therefore,

the Plaintiff can sustain a claim for a hostile work environment and summary judgment should be denied.

### II. THE INCIDENTS IN THIS MATTER ARE SUFFICIENTLY SEVERE AND PERVASIVE AS TO CREATE A HOSTILE WORK ENVIRONMENT

The defendant argues that the incidents of the Plaintiff's claim do not constitute a hostile working environment because they are not "sufficiently severe or pervasive to alter the conditions of the (Plaintiff's) employment and create an abusive working environment" actionable under Title VII of the Civil Rights Act of 1964. See White v. New Hampshire Dep't of Corr., 221 F.3d 254, 258 (1st Cir. 2000).

In examination into whether or not a workplace is an abusive, or hostile, environment, courts employ analysis based on the totality of the circumstances. See Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998). The factors weighed include, but are not limited to, "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." See Harris v. Forklift Sys., Inc., 510 U.S. 17, 23 (1993)(emphasis added). Whether a workplace environment is deemed hostile depends on an objective standard; namely, whether

a reasonable person would find the environment to be hostile.
Id. At 21.

The character of the repeated poisoning of the African
Violets alone satisfies nearly every prong of the Harris Test.
The conduct is sufficiently severe.  The perpetrator of the act
violated the Plaintiff's personal space in a serepticious manner
and destroyed the Plaintiff's personal property.  Poisoning a
plant is especially devious because of the tacit inference that a
person can be just as easily poisoned.  Thus the conduct is
sufficiently physically threatening.  The poisoning/ vandalism
took place at least two and at most three times, creating enough
frequency as to establish a pattern.  The conduct did adversely
impact the Plaintiff's work performance as well as her personal
life.  Ex. A, B, C, D, E.

"The thrust of this inquiry is to distinguish between the
ordinary, if occasionally unpleasant vicissitudes of the
workplace and actual harassment."  See Faragher, 524 U.S. at 788.
Since the serial, covert, and malicious nature of the conduct
alleged rises far above the "occasional unpleasant vicissitudes
of the workplace," it follows that a reasonable jury could find
that the workplace was hostile.  As such, this Court should deny
the Defendant's Motion for Summary Judgment and allow the
Plaintiff her day in court.

## CONCLUSION

For the abovementioned reasons, The Plaintiff Marlene Trahan respectfully requests that this Court Deny Summary Judgment in this matter.

Respectfully Submitted,
THE PLAINTIFF,
By her Attorney

DATED: March 7, 2006



Michael D. Facchini, Esq.
BBO # 639778
FACCHINI & FACCHINI, P.C.
824 Liberty Street
P.O. Box 4052
Springfield, MA 01101-4052
Telephone (413)746-3369
Telecopier (413)733-1662

## CERTIFICATE OF SERVICE

I, Michael D. Facchini, hereby certify that on March 7, 2005, I made service of the above Memorandum of Law by facsimile and first class mail, postage prepaid, to the attorney of record:

Karen L. Goodwin, Esq.
Assistant U.S. Attorney
1550 Main Street
Springfield, MA 01103



Michael D. Lucchini, Esq