UNITED STATES OF AMERICA
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
NEW YORK DISTRICT OFFICE

MARLENE T. TRAHAN, )
    Complainant, )
)
vs. )   USPS NO. 1B-012-0021-01
)
JOHN E. POTTER, Postmaster )
General, United States Postal )
Service, )
    Agency. )

COMPLAINANT'S ANSWERS TO AGENCY'S FIRST
SET OF INTERROGATORIES

1. Identify each physical or mental impairment from which you suffer and state the approximate date you began seeking treatment for said impairment.

   ANSWER: I suffer from depression and started treating about 1982.

2. Please state whether any of the impairments identified in response to interrogatory 1 impact your life functions or major life activities.

   ANSWER: Yes.

3. Please identify all health care providers who have treated you for any impairment as well as the date(s) and nature of treatment.

   ANSWER: Dr. Kenneth Jaffe: 1986 - 1999; Dr. Audrey Kerxhalli: 1998 - 1999; Dr. Jay Unger: 1990 - present; Dr. Ralph Williams (deceased) 1999 - 2001; Dr. Morris Pardo: 2001 - 2003; Dr. Luz Martin: 2003; Dr. Robert Wing: 2003; and Elizabeth Shepardson, LMFT.

4. Set forth in detail a description and date of each instance in which you believe the Postal Service subjected you to discriminatory harassment and identify what type [of discr]iminatory harassment is at issue in each instance that you identify.

ANSWER: On 2/13/97 Supervisor Nawracaj subjected me to a hostile work environment. On April 23, 1998 flowers on my desk had been ruined with spoiled milk and coffee. From 5/8 - 5/11/98 flowers on my desk were killed with poisonous industrial cleaner. In August 1998, I received an Official Directive from MDO Kopacz threatening me with the possible removal from the Postal Service. On 8/24/98 MDO Kopacz prepared a "Memo for the Record" with inaccuracies. On September 4, 1998, a letter was prepared from MDO Kopacz to C. Bampos, Injury Compensation Specialist with inaccuracies. The OWCP based their decision to deny my claim for compensation on the "helpful" letter. On October 21, 1999 MDO Kopacz entered my work area and frightened me. According to APWU Ken Fitzpatrick, Mr. Kopacz was to stay away from my work area. In November 1999, Mr. Brian Sheehan called me at home; he shouted and intimidated me to the point of tears and a migraine headache. Mr. Sheehan was the Ethical Conduct Officer and he would not investigate what I believed to be unethical conduct in spite of my request to do so. On January 8, 2001, I was contacted by telephone at my residence by Attorney Daniel Karpman who identified himself at Linda Nawracaj's attorney requesting me to provide help to her. On January 31, 2001, my calendar was removed from the wall of my cubicle and replaced by another calendar with a picture of a man holding what appeared to be a machine gun. On April 5, 2001 I received an Express mail envelope from the EEO office in Vermont with my unlisted, unpublished telephone number displayed on the label. On 4/19/01 I received another Express Mail envelope from the EEO office in Vermont with my unlisted, unpublished telephone number displayed on the label. On 3/28/03 I witnessed a letter in the order book which contained my personal and confidential information.

5. As a follow up to interrogatory 4, please identify all witnesses to the instances of conduct you claim are discriminatory harassment.

      ANSWER:   I am confused by this question.

6. Set forth in detail the description and date of each instance in which you believe the Postal Service subjected you to harassment in retaliation for your providing a statement as to the assault incident of February 13, 1997.

      ANSWER:   Please refer to Answer No. 4.

7. As a follow up to interrogatory 6, please identify the names, addresses and telephone numbers of persons with knowledge of any occurrences you identify in response to interrogatory 6.

      ANSWER:   Please refer to Answer No. 5.

8. As a follow up to interrogatory number 6, please identify whether you reported the instances of harassment to management and identify the managers.

      ANSWER:   I reported the instances to MDO Lee Kopacz, MD Ruben Bush, SDO Michael Aiello, SDO Al Dean and A/MDO Richard Dewey.

9. Describe how your disability limits you from performing the duties required by a United States Postal Service clerk and when you first made the Postal Service aware of your disability.

      ANSWER:   I am confused by this question.

10. Set forth in detail the date and description for each instance in which you believe you were subjected to a hostile work environment.

      ANSWER:   I am confused by this question.

11. Please identify the names, addresses and telephone number of persons with knowledge of any occurrences you identify in response to interrogatory 10.

  ANSWER: Former President William Clinton, Postmaster General William Henderson, Manager Inspection Service Karla Corcoran, Senator Edward Kennedy, Senator John Kerry, Congressman Richard Neal, Mr. David Keaney, Finance Manager, Brian Sheehan, Human Resources Manager, Michelle Collins, EAP Counselor Susan Boyle-Glidden, Mr. John Bates, MDO Ruben Bush, SDO Richard Dewey.

12. As a follow up to interrogatory 10, please state whether you reported the instances of hostile work environment you identified to any managers.

  ANSWER: Please refer to Answer No. 5.

13. Please state whether you actually witnessed the assault that took place on February 13, 1997 between a supervisor and a casual employee.

  ANSWER: Yes.

14. Please indicate if you were a witness to any physical contact between the parties involved in the assault event of February 13, 1997? If so, please describe the contact.

  ANSWER: I am confused by this question.

15. Were you aware supervisor Linda Nawracaj left the employ of the Postal Service on February 21, 1997?

  ANSWER: No.

16. Since Ms. Nawracaj left the Postal Service, who from management do you feel has been harassing you and why?

  ANSWER: Mr. Kopacz and others.

17. What evidence do you have that you were the target of rumors, gossip and animosity from others?

    ANSWER: I am confused by this question.

18. Regarding the allegations of your plants at work being poisoned in April 1998, who do you feel may have done this and why?

    ANSWER: I am not sure.

19. Please identify the names, addresses and telephone number of persons who may have knowledge of this incident.

    ANSWER: Please refer to Answer No. 5.

20. Please state why do you feel you may have been poisoned by someone at work on or about May 20, 1998, and by whom?

    ANSWER: I do not feel that someone had poisoned me, but was worried someone would. Due to the fact that my plants were being poisoned, my husband told me to keep anything I was eating or drinking within my sight.

21. Please indicate why you feel the incident of vandalism to your plants at home on May 22, 1998 was related to the alleged harassment you were experiencing at work?

    ANSWER: The vandalizing of my plants at home was closely related to the vandalism of my plants on my desk at the office.

22. Please state why you feel MDO Leon Kopacz provided false statements to the Department of Labor regarding your claim for compensation benefits resulting in your compensation claim being disallowed and identify the statements that you claim are false.

        ANSWER:    The memo contained many false statements regarding dates and my well being.

23. Please explain why you believe MDO Kopacz was motivated to discriminated against you based upon your age and sex when he made statements to the Department of Labor.

        ANSWER:    I do not know why MDO Kopacz was motivated to discriminate against me.

24. Please describe why you feel the Postal Service did not provide you with a safe, healthy work environment.

        ANSWER:    I do not know why the Post Office did not provide me with a safe, healthy work environment.

25. Please identify the employee you feel may have poisoned your plants in retaliation for the statement you gave regarding the assault incident of February 13, 1997 and why you feel he wants to instill fear in you.

        ANSWER:    I do not know.

26. Please identify all similarly situated employees who you believe were treated less harshly than you. Identify names, and what knowledge you have of their treatment.

        ANSWER:    I have no knowledge of any other employee who has been subjected to the same mistreatment as I have been.

27. Please identify all significant emotional events (e.g. deaths, marital or family problems, serious illness in the family, financial problems) that have occurred in your life within the past ten years.

        ANSWER:    I am confused by this question.

28. With respect to any expert witness you intend to call at hearing, identify the expert and the substance of the facts and opinions to which each expert is expected to testify.

    ANSWER: I have been informed by my attorney that we have not yet chosen an expert witness. I understand my obligation and right to supplement this response.

29. Have you been treated for mental illness at any time in your life, including the ten year period prior to the alleged incidents of 1997, up to the present moment?

    ANSWER: I am confused by this question.

30. As a follow up to Interrogatory 29, from which doctors, therapists, social workers, or other treaters have you received treatment for mental illness within the past ten years? Please provide names, titles, addresses and phone numbers.

    ANSWER: Please refer to Answer No. 3.

Signed under the pains and penalties of perjury this 22nd Day of December, 2003.

_____
MARLENE T. TRAHAN


## CERTIFICATE OF SERVICE

I, Michael D. Facchini, counsel for the Plaintiff, do hereby certify that on December 22, 2003, a copy of the above document was served on all parties by delivering in-hand, to: L. Kay Wilson, Attorney for the U.S. Postal Service.

_____
Michael D. Facchini